**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

IRVIN SYLVESTER DOYE, #37466-037　　:

　　　　　　　　　　　　　　　　　　　:

　　　Plaintiff　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:

　　　v.　　　　　　　　　　　　　　　:　　　　Civil Action No.  CCB-08-3408

　　　　　　　　　　　　　　　　　　　:

UNITED STATES OF AMERICA, et al.,　:

　　　　　　　　　　　　　　　　　　　:

. . . . . . .o0o. . . . . .

**MEMORANDUM**

This is a pro se *Bivens*[1] complaint filed by Irvin Sylvester Doye, an inmate at Federal

Correctional Institution- Gilmer, seeking declaratory judgment against the United States of America,

Office of the Attorney General, former United States Attorney General Michael Mukasey, former

United States Attorney Thomas M. DiBiagio, the United States Department of Justice, Federal

Bureau of Prison, and Harley Lappin. Plaintiff has requested and will be granted leave to proceed

in forma pauperis.[2]  As such, his claims are reviewed pursuant to 28 U.S.C. § 1915A.  This provision

requires courts to screen civil actions brought by  prisoners, and dismiss complaints which fail to

state a claim upon which relief may be granted or seek monetary relief from a defendant or

defendants immune from such relief.  Upon review of the pleadings, the court concludes that the

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); s*ee also* 28 U.S.C. § 1331.

[2] Plaintiff has also filed a Motion for Preliminary Injunction based on the same claims raised in his complaint.  Paper No. 3.

The motion shall be denied.  In order to obtain injunctive relief under Fed. R. Civ. P. 65, plaintiff must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendants will not be harmed if the requested relief is granted; (iii) the likelihood that plaintiff will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *Blackwelder Furniture Co. v. Seilig Manufacturing Co*., 550 F.2d 189, 195-96 (4th Cir. 1977).  Plaintiff's request for a temporary restraining order shall be denied, as the motion does not clearly establish that immediate and irreparable injury, loss, or damage would result to him if the requested relief is not granted. Further, plaintiff has not demonstrated that he is likely to succeed on the merits.

complaint must be dismissed *sua sponte* under 28 U.S.C. §1915A(a) & (b).

The gravamen of plaintiff's complaint is that his conviction entered in this court was procured by fraud. Plaintiff contends that the Assistant United States Attorney engaged in prosecutorial misconduct by: (1) improperly substituting charges in the plea agreement; (2) failing to allege the necessary nexus to commerce; and (3) failing to present the charges to a grand jury.[3] Paper No. 1. A plaintiff who seeks to file a civil rights claim for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) (holding that a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated). Plaintiff has failed to demonstrate that his conviction has been reversed, expunged or invalidated.[4]

For these reasons, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A. An order consistent with this memorandum follows.


__March 19, 2009__                        _____/s/_____
Date                                            Catherine C. Blake
                                           United States District Judge

---

[3]On June 20, 2003, the Honorable Alexander Williams, Jr., sentenced Doye to 188 months imprisonment after Doye pleaded guilty to distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. §841 (a)(1)&(b)(1)(B) and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Doye*, Criminal Action No. AW-03-22 (D. Md.). Doye's subsequent 28 U.S.C. §2255 motion to vacate, set aside or correct was denied on January 31, 2005. *See Doye v. United States*, Civil Action No. AW-04-1959 (D. Md.). Doye's previous efforts to bring a civil rights action for alleged deficiencies in his criminal proceeding have likewise been dismissed. *Doye v. United States Attorney*, Civil Action No. CCB-07-176.

[4] To the extent Doye intended this complaint to be construed as a motion under Fed. R. Civ. P. 60(b) the court shall direct the Clerk to docket a copy of Paper No. 1 in *United States v. Doye*, Criminal No. AW-03-022, as a motion filed pursuant to Rule 60(b).